# Exhibit A

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS.**

**SUPERIOR COURT**
**DOCKET NO.** 2682CV00275

ROBERT MARSHALL, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF MICHAEL J. CALLAHAN,
            **Plaintiff**

v.

VISI-FLASH RENTALS EASTERN, INC.
and PRINCIPAL FINANCIAL GROUP,
            **Defendants**

**COMPLAINT**

RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
26 MAR -9 AM 10:16

## PARTIES

1. The Plaintiff, Robert Marshall is the Personal Representative of the Estate of Michael Callahan ("Estate") appointed by the Norfolk County Probate and Family Court on March 4, 2024, Docket Number NO24P0640EA, Norfolk County, Massachusetts.

2. The defendant, VISI-FLASH RENTALS EASTERN, INC. ("Visi-Flash") is a corporation duly organized under the laws of the Commonwealth of Massachusetts with a principal place of business at 31 Pleasant Street, West Bridgewater, Plymouth County, MA 02379.

3. The defendant, Principal Financial Group, Inc. ("Principal") and its Member Company, Principal Life Insurance is a foreign corporation under the laws of IOWA with a principal place of business at 711 High Street, Des Moines, IA 50392 and a resident agent located in Massachusetts as C T Corporation System, 155 Federal Street #700, Boston, Suffolk County, Massachusetts, 02110.

## JURISDICTION AND VENUE

4.  This Court has personal jurisdiction over the defendants pursuant to G.L. c. 223A, §2 and 3(a) because this action arises from the defendant's transacting business in Massachusetts to provide services to a Massachusetts resident employed by a Massachusetts corporation.

5.  This Court has subject matter jurisdiction over this case pursuant to G.L. c. 214 §3.

## FACTS

6.  The defendant, Visi-Flash is the plan administrator for Visi-Flash 401(k) Savings and Retirement Plan.

7.  On information and belief, on June 19, 2014, Visi-Flash contracted with Principal and Principal's Member Company, Principal Life Insurance Company to manage Visi-Flash's 401(k) Savings and Retirement Plan for Visi-Flash's employees.

8.  Heather Callahan, a Visi-Flash employee, participated in the Visi-Flash 401(k) Savings and Retirement Plan and named her husband, Michael Callahan, as primary beneficiary of her 401(k) account ("Retirement Account"). Maura MacKinnon was named as a secondary beneficiary if Michael Callahan did not survive Heather Callahan. A copy of the Beneficial Designation Records from Visi-Flash and Principal is attached and marked **Exhibit A**.

9.  Heather Callahan retired from Visi-Flash on December 30, 2022, due to health issues.

10. On May 9, 2023, Heather Callahan passed away and was survived by her husband, Michael Callahan, who became the sole owner of the Retirement Account.

11. Michael J. Callahan ("Decedent") passed away on November 27, 2023.

12. In 2024 Visi-Flash and/or Principal wrongfully disbursed $220,507.22 from Heather Callahan's Retirement Account to the secondary beneficiary, Maura MacKinnon despite information that Michael Callahan survived his wife and was entitled to the full amount of his wife's Retirement Account. A copy of the distribution records is attached and marked **Exhibit B.**

13.    In 2024 the plaintiff, Robert Marshall, Personal Representative of the Estate, notified Visi-Flash of the death of Heather Callahan. The plaintiff made demand upon Visi-Flash to pay the balance of Heather Callahan's Retirement Account to the primary beneficiary, Estate of Micheal Callahan and he also requested a copy of the plan records for Heather Callahan's Retirement Account.

14.    Visi-Flash failed and refused to provide the plaintiff with a copy of the plan records for the Retirement Account and it failed to pay the balance of the Account to the plaintiff.

15.    On or about January 25, 2025, the plaintiff, through his attorney, issued a subpoena and a notice of deposition to Visi-Flash demanding a copy of the following:

> Any and all disbursements, account balances, statements, checks, reports, accounts, signature cards, beneficiary designation forms or any other documents related to Heather A. Callahan's 401(k) Retirement, including but not limited to Account Number 439823 managed by Visi-Flash and/or Principal Financial Group.

16.    On or about February 14, 2025, Visi-Flash, through its attorneys, produced the records requested by the plaintiff.

17.    The records produced by Visi-Flash depicted that Visi-Flash and/or Principal wrongfully distributed the full amount of Heather Callahan's Retirement Account to the secondary beneficiary, Maura McKinnon.

18.    On February 28, 2025, the plaintiff, through its attorney, made demand upon Visi-Flash to pay the full amount of the Retirement Account in the amount of $220,507.22 plus interest to the plaintiff. A copy of the demand is attached hereto and marked **Exhibit C**.

19.    On or about March 7, 2025, Visi-Flash, through its attorney, produced a copy of the Service and Expense Agreement entered into by and between Visi-Flash and Principal concerning the management of Visi-Flash's 401(k) Employee Savings and Retirement Account.

20.    On April 5, 2025, the plaintiff, through its attorney, made another demand upon Visi-Flash to pay the full amount of the Retirement Account in the amount of $220,507.22 plus interest to the plaintiff. A copy of the demand is attached hereto and marked **Exhibit D**.

21. On or about May 10, 2025, the plaintiff, through his attorney, issued a subpoena and a notice of deposition to Visi-Flash demanding a copy of the following:

> Any and all, claims, communications, emails, correspondence, notes, memorandum and other related communications between Visi-Flash and Principal Financial Group and/or Principal Life Insurance Company concerning Heather A. Callahan's 401(k) Retirement Accounts, including but not limited to Account Number 439823 during the period from May 9, 2023, to May 10, 2025.
>
> Any and all, claims, communications, emails, correspondence, notes, memorandum and other related communications between Visi-Flash and Maura Mackinnon, 105 Edgehill Road, Braintree, MA 02184 concerning Heather A. Callahan's 401(k) Retirement Accounts, including but not limited to Account Number 439823 during the period from May 9, 2023, to May 10, 2025.

22. According to the records produced by Visi-Flash on June 17, 2025, Visi-Flash claimed that Principal wrongfully distributed Heather Callahan's Retirement Account to the secondary beneficiary, Maura McKinnon. A copy of Visi-Flash's letter to Principal and demand for indemnification for Principal's wrongful distribution of Heather Callahan's Retirement Account is attached hereto and marked **Exhibit E.**

23. As a result of Visi-Flash and Principal's failure to respond to the demands made by the plaintiff for the distribution of Heather Callahan's Retirement Account in the amount of $220,507.22, the plaintiff, through its attorney, pursuant to G.L. c. 93A made demand upon Principal, via certified mail return receipt requested, to pay the full amount of the Retirement Account plus interest to the plaintiff. A copy of the demand is attached hereto and marked **Exhibit F.**

### COUNT I - (Breach of 3rd Party Beneficiary Contract – Visi Flash)

24. The plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of the Complaint, as if expressly rewritten herein.

25. Upon the death of Heather Callahan, the plaintiff became the intended beneficiary of the contract between Heather Callahan and Visi Flash concerning the distribution of Heather Callahan's Retirement Account with Visi Flash.

26. Visi Flash breached the contract by wrongfully authorizing the distribution of

the retirement account in the amount of $220,507.22 to the secondary beneficiary, Maura McKinnon.

27.   As a result, the plaintiff has been damaged.

WHEREFORE, the plaintiff demands judgment against the defendant plus interest, costs and any other damages the Court deems just and proper.

### COUNT II - (Breach of 3rd Party Beneficiary Contract – Principal)

28.   The plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of the Complaint, as if expressly rewritten herein.

29.   Heather Callahan executed a Beneficial Designation Form with Principal naming her husband, Michael Callahan, as the primary beneficiary of her 401(k) Retirement Account with her employer Visi Flash. **See Exhibit B.**

30.   Upon the death of Heather Callahan on May 9, 2023, the plaintiff became the intended beneficiary of the contract between Heather Callahan and Principal concerning her 401(k) Retirement Account managed by Principal

31.   Principal breached the contract by wrongfully distributing the proceeds of Heather Callahan's Retirement Account to the secondary beneficiary, Maura McKinnon.

32.   As a result, the plaintiff was damaged.

WHEREFORE, the plaintiff demands judgment against the defendant plus interest, costs and any other damages the Court deems just and proper.

### COUNT III - (Breach of Fiduciary Duty – Visi-Flash)

33.   The plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of the Complaint, as if expressly rewritten herein.

34.   Visi-Flash breached its fiduciary duty by wrongfully authorizing Principal to distribute the proceeds from Heather Callahan's Retirement Account to the secondary beneficiary instead of the primary beneficiary, Michael Callahan.

35. The defendant's conduct and actions as fully described above violated its fiduciary duty to the plaintiff, thereby causing damage to the plaintiff.

WHEREFORE, the plaintiff demands judgment against the defendant plus interest, costs and any other damages the Court deems just and proper.

### COUNT IV - (Breach of Fiduciary Duty – Principal)

36. The plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of the Complaint, as if expressly rewritten herein.

37. Principal breached its fiduciary duty by wrongfully distributing the proceeds from Heather Callahan's Retirement Account to the secondary beneficiary instead of the primary beneficiary, Michael Callahan.

38. The defendant's conduct and actions as fully described above violated its fiduciary duty to the plaintiff, thereby causing damage to the plaintiff.

WHEREFORE, the plaintiff demands judgment against the defendant plus interest, costs and any other damages the Court deems just and proper.

### COUNT V - (Negligence – Visi-Flash)

39. The plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of the Complaint, as if expressly rewritten herein.

40. Visi-Flash negligently authorized the distribution of Heather Callahan's Retirement Account to the secondary beneficiary instead of the primary beneficiary, Michael Callahan after Heather Callahan's death.

41. The plaintiff was damaged thereby.

WHEREFORE, the plaintiff demands judgment against the defendant plus interest, costs and any other damages the Court deems just and proper.

### COUNT VI - (Negligence – Principal)

42. The plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of the Complaint, as if expressly rewritten herein.

43. Principal negligently distributed Heather Callahan's Retirement Account to the secondary beneficiary instead of the primary beneficiary, Michael Callahan after Heather Callahan's death.

44. The plaintiff was damaged thereby.

WHEREFORE, the plaintiff demands judgment against the defendant plus interest, costs and any other damages the Court deems just and proper.

### COUNT VII- (VIOLATION OF G.L. Ch.93A – Principal)

45. The plaintiff re-alleges and incorporates herein by reference the allegations contained in the preceding paragraphs of the Complaint, as if expressly rewritten herein.

46. At all relevant times Principal Financial Group and Principal's Member Company, Principal Life Insurance Company were engaged in trade or commerce.

47. Principal failed and refused to respond to the plaintiff's c. 93A demand letter which was received by Principal on May 16, 2025.

48. The conduct of Principal in failing and refusing to pay $220,507.22 from Heather Callahan's Retirement Account to the plaintiff after it discovered that it wrongfully distributed the proceeds to the secondary beneficiary was intentional and willful.

49. The conduct of Principal as aforesaid was unfair and deceptive.

50. The conduct of Principal was undertaken in bad faith with the intent to deprive the plaintiff of the proceeds from Heather Callahan's Retirement Account.

51. The actions of Principal constitute a violation of G.L. c. 93A and as a result the plaintiff was.

WHEREFORE, the plaintiff demands that this Honorable Court:

1. Find damages under each count as set forth above against Principal in an amount to be

determined by this Court as the plaintiff's actual damages plus interest, costs and attorney's fees to the maximum extent permitted by law;

2.    Order that the damages be trebled under Counts II, IV and VI of the Complaint and Jury Demand; and

3.    Order that the defendants pay the plaintiff's attorney's fees and costs pursuant to Counts II, IV, and VI of the Complaint and Jury Demand; and

4.    Award any other relief to the plaintiff and against the defendant the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The plaintiff, Robert Marshall, Personal Representative of the Estate of Michael Callahan hereby demands a trial by jury on all issues and claims so triable arising under this Complaint.

Dated: March  9 , 2026

Plaintiff,
By his Attorney,

Richard M. McLeod
McLEOD LAW GROUP, LLC
100 Recreation Park Drive
Hingham, MA 02043
(781) 848 1500
BBO # 555134
rmcleod@mcldlaw.com

# EXHIBIT "A"

401(k) Account

Heather Callahan - VISI-FLASH 401K SAVINGS & RETIREMENT PLAN - Account #: 439823

Overview    Contributions    Investments    My options    Rollovers    Planning resources

# Beneficiaries

Tell us who should receive your retirement account benefits should you pass away. Review your designations from time to time, or when life changes happen, to make sure they still match your wishes.

### Add or Edit Beneficiaries

## Current beneficiary designation

## Primary ❶

MICHAEL CALLAHAN  **Hide details**                              100%

| Full name | MICHAEL CALLAHAN |
| Beneficiary type | Person |
| Relationship | SPOUSE |
| Designation | PRIMARY-100% |
| Address | -- |
| Date of Birth | -- |
| Social security number | -- |

## Prefer to mail a form?

Download paper form: **English | Spanish**

When completed, return to:

**Mail**
Principal Financial Group
P.O. Box 9394
Des Moines, IA 50306-9394

**Fax**
866-704-3481

## Contingent (Secondary) ❶

Maura Mackinnon  **Hide details**                              100%

| Full name | Maura Mackinnon |
| Beneficiary type | Person |
| Relationship | SIBLING |
| Designation | CONTINGENT-100% |
| Address | 105 Edge Hill Road |
| | Braintree MA |
| | US 02184 |

Feedback

401(k) Account

HEATHER CALLAHAN - VISI-FLASH 401K SAVINGS & RETIREMENT PLAN - Account #: 439823

**Overview**   Contributions   Investments   My options   Rollovers   Planning resources

# Beneficiaries

Tell us who should receive your retirement account benefits should you pass away. Review your designations from time to time, or when life changes happen, to make sure they still match your wishes.

**Add or Edit Beneficiaries**

## Current beneficiary designation

### Primary ℹ️

MICHAEL CALLAHAN  **Hide details**                                                           100%

| | |
|---|---|
| Full name | MICHAEL CALLAHAN |
| Beneficiary type | Person |
| Relationship | SPOUSE |
| Designation | PRIMARY-100% |
| Address | -- |
| Date of Birth | -- |
| Social security number | -- |

### Contingent (Secondary) ℹ️

Maura Mackinnon  **Hide details**                                                            100%

| | |
|---|---|
| Full name | Maura Mackinnon |
| Beneficiary type | Person |
| Relationship | SIBLING |
| Designation | CONTINGENT-100% |
| Address | 105 Edge Hill Road Braintree MA US 02184 |
| Date of Birth | 09/25/1959 |
| Social security number | -- |

## Prefer to mail a form?

Download paper form: **English | Spanish**

When completed, return to:

**Mail**
Principal Financial Group
P.O. Box 9394

# EXHIBIT "B"

401(k) Account

Maura MacKinnon - VISI-FLASH 401K SAVINGS & RETIREMENT PLAN - Account #: 439823

Overview    Contributions    Investments    My options    Planning resources

# Deceased - Distribution Details

## Distribution Details

## Payment Details

| | |
|---|---|
| Payout Method | Automated Fund Transfer |
| Routing Number | 211385297 |
| Account Number | *****3350 |
| Account Type | CHECKING |

## Tax Details

| | |
|---|---|
| Tax Year | 2024 |
| Gross Distribution Amount | $220507.22 |
| Taxable Amount | $220507.22 |
| Non-taxable Amount | $0.00 |
| Federal Income Tax Withheld | $44101.44 |
| State Income Tax Withheld | $11025.36 |
| Tax Form Mailing Address on File | 105 EDGE HILL RD<br>BRAINTREE, MA 02184-4425 |

**Back to Distribution Overview**

≫ **Want to keep your money tax deferred? Find out how.**

©2025, Principal Financial Services, Inc.

401(k) Account

Maura MacKinnon - VISI-FLASH 401K SAVINGS & RETIREMENT PLAN - Account #: 439823

Overview    Contributions    Investments    My options    Planning resources

# Deceased - Distribution Details

## Distribution Details

### Payment Details

| | |
|---|---|
| Payout Method | Automated Fund Transfer |
| Routing Number | 211385297 |
| Account Number | *****3350 |
| Account Type | CHECKING |

### Tax Details

| | |
|---|---|
| Tax Year | 2024 |
| Gross Distribution Amount | $39.81 |
| Taxable Amount | $39.81 |
| Non-taxable Amount | $0.00 |
| Federal Income Tax Withheld | $7.96 |
| State Income Tax Withheld | $1.99 |
| Tax Form Mailing Address on File | 105 EDGE HILL RD<br>BRAINTREE, MA 02184-4425 |

**Back to Distribution Overview**

≫ Want to keep your money tax deferred? Find out how.

©2025, Principal Financial Services, Inc.

Skip to content
logout

 **Principal®**

Heather A Callahan
VISI-FLASH 401K SAVINGS & RETIREMENT PLAN - 4-
39823

- Account Snapshot
- Account History
- Investment Performance

Print
Save

## Select the Date Range

Use the date controls below to select the range you wish to view. You can only select a range within the last two years between the first plan contribution date and yesterday. All values shown are representative of the range selected except *Your Loans*.

**From:**
02/12/2023

**To:**
01/03/2024

Go

## Or choose a preselected date range:

| Last Year | Last Quarter | Last Month |

## Totals In This Period[6]

| Starting balance as of 02/12/2023 | $191,554.37 |
|---|---|
| Additions[7] | $4,189.89 |
| Withdrawals[8] | $0.00 |

| Transfers | -$217,913.06 |
|---|---|
| Deducted Fees[9] | $0.00 |
| Gain/Loss[10] | $22,168.80 |
| Ending balance as of 01/03/2024 | $0.00 |
| Personalized Rate of Return[4] | ▲ 11.35% |

# What Happened This Period[11]

| ✓ Dollars | Shares |
|---|---|

A diagram showing the asset classes along a risk/return spectrum. Ranging from low risk/return to high risk/return is: Short-term Fixed Income, Fixed Income, Balanced / Asset Allocation, Large U.S. Equity, Small / Mid U.S. Equity, Global/International Equity. Investments in the "Other" category and Employer Securities are not assessed in the risk spectrum.

**Low Risk/Return**　　　　　　　　　　　　　　　　　　　　　　　　**High Risk/Return**

Short-Term
Fixed Income
✂
Fixed
Income
✂
Balanced/
Asset Allocation
✂
Large
U.S. Equity
✂
Small/Mid
U.S. Equity
✂
Global/International
Equity
✂

| Inv Manager or Sub-Advisor / Investment Option | Balance as of 02/12/2023 | Additions[7] | Withdrawals[8] | Transfers | DeductedFees[9] | Gain/Loss[10] | Balance as of 01/03/2024 |
|---|---|---|---|---|---|---|---|
| Guaranteed Interest Account 3 year | $1,262.33 | $0.00 | $0.00 | -$1,261.36 | $0.00 | -$0.97 | $0.00 |
| Guaranteed Interest Account 5 year | $59,850.11 | $1,047.47 | $0.00 | -$61,577.16 | $0.00 | $679.58 | $0.00 |
| Principal Global Investors LargeCap S&P 500 Index Separate Account | $129,790.34 | $3,142.42 | $0.00 | -$154,490.48 | $0.00 | $21,557.72 | $0.00 |
| Principal Financial Group, Inc. Stock Separate Account | $651.59 | $0.00 | $0.00 | -$584.06 | $0.00 | -$67.53 | $0.00 |
| Totals: | $191,554.37 | $4,189.89 | $0.00 | -$217,913.06 | $0.00 | $22,168.80 | $0.00 |

# Your Contribution Sources[16] ❶More Information

| expand all / collapse all | Amount Contributed |
|---|---|
| Employee ∨ | |
| Elect Deferral | $0.00 |
| Employer ∨ | |
| ER Other | $4,189.89 |
| ER Match in K Safe Harbor | $0.00 |
| Total Contributions | $4,189.89 |

[4] The Personalized Rate of Return (PRR) represents the performance of plan assets held for your benefit for the time period of this report. The PRR is based on your specific account activity. Past performance does not predict future results. Please use caution when evaluating your PRR. Certain circumstances can arise that cause the PRR calculation to give uncharacteristically high or low results. For more information, please go to the participant website personalized rate of return details page.

[6] Outstanding loan balances are not included in your starting and ending balances.

[7] Additions may include contributions you have made into the plan, contributions your employer has made into the plan, retirement funds you have rolled into the plan, or loan payments you have made.

[8] Withdrawals may include payouts you have requested, hardship withdrawals, or loan requests, in addition to adjustments made to your account. Not all adjustments result in a Form 1099-R being issued.

[9] Fees include certain plan and/or participant fees taken from participant accounts. For additional detail, see the "What Happened This Period" section.

The underlying investment options also have fees. Some of the plan's administrative expenses were paid from the total investment expense of one or more of the plan's investment options. For these fee ratios, see your prospectus or other investment material at www.principal.com.

[10] Gain/Loss may reflect plan fees taken from participant accounts as well as investment performance, taking into account the timing and amount of deposits. For additional detail, see the "What Happened This Period" section.

[11] The gain/loss includes $538.67 in fees paid to service provider(s) for plan administrative services for this period.

Plan administrative services typically include items such as recordkeeping, participant website access, participant education, participant statements, and financial professional services.

For more information about this investment option, including its full name, please visit principal.com or 1-800-547-7754 for assistance from a retirement specialist.

Access the detail for each transaction, including transfers, on your account at principal.com/transactions.

[16] All values shown are gross contributions representative of the range selected except *Your Loans*.

t13100101we

show more

Copyright © 2025 Principal Financial Services, Inc. All rights reserved.
Disclosures and Terms of Use | Privacy and Security

# EXHIBIT "C"



# McLeod Law Group, LLC
### ATTORNEYS AT LAW
## South Hingham Legal Building
## 100 Recreation Park Drive, Suite 204
## Hingham, Massachusetts 02043
#### WWW.MCLDLAW.COM

TELEPHONE (781) 848-1500                                        FACSIMILE (781) 848-2220

February 28, 2025

Matthews W. Perkins, Esq.
Lecomte, Emanuelson & Doyle
One Pine Hill Drive, Suite 105
Quincy, MA 02169

RE: Visi-Flash Rentals Eastern, Inc. ("Visi-Flash") – Estate of Michael J. Callahan

Dear Attorney Perkins:

As you know I represent Robert Marshall, Personal Representative of the Estate of Michael J. Callaghan.

At the time of Heather A. Callahan's death on May 9, 2023, she was married to Michael J. Callahan.

According to the records you provided me concerning Mrs. Callahan's 401(k) Account ("Account"), Heather Callahan designated her husband, Michael Callahan as the Primary Beneficiary and Maura McKinnon as a Contingent Beneficiary in the event that Michael Callahan did not survive his wife's death. See Beneficial Designation Records signed by Heather Callahan prior to her death.

According to the Beneficial Designation Records Visi-Flash had no authority or grounds to disburse the proceeds to the Contingent Beneficiary if the Primary Beneficiary survived Heather Callahan. Visi-Flash wrongfully disbursed the funds to Maura McKinnon. Even though Michael Callahan passed away after the death of his wife, his estate has a vested interest in the proceeds from the Account. Maura McKinnon would only be entitled to the proceeds from the Account if Michael Callahan predeceased his wife, Heather Callahan.

On behalf of the Estate of Michael J. Callahan, **I hereby make demand upon Visi-Flash to pay $220,507.22 plus interest to Robert Marshall, Personal Representative of the Estate of Michael J. Callahan.**

35 Braintree Hill Office Park, Suite 201, Braintree, MA 02184 (by appointment only)

Please provide me with any records from Visi-Flash that would contradict the claim made herein.

Thank you for your attention.

Very truly yours,

Richard M. McLeod

RMM/ms

cc: Robert Marshall, Personal Representative

35 Braintree Hill Office Park, Suite 201, Braintree, MA 02184 (by appointment only)

# EXHIBIT "D"



# MCLEOD LAW GROUP, LLC

ATTORNEYS AT LAW
## SOUTH HINGHAM LEGAL BUILDING
### 100 RECREATION PARK DRIVE, SUITE 204
### HINGHAM, MASSACHUSETTS 02043
WWW.MCLDLAW.COM

TELEPHONE (781) 848-1500                                    FACSIMILE (781) 848-2220


April 5, 2025


Matthews W. Perkins, Esq.
Lecomte, Emanuelson & Doyle
One Pine Hill Drive, Suite 105
Quincy, MA 02169

RE: Visi-Flash Rentals Eastern, Inc. ("Visi-Flash") – Estate of Michael J. Callahan

Dear Attorney Perkins:

As you know I represent Robert Marshall, Personal Representative of the Estate of Michael J. Callaghan.

I am following up on our telephone conference where you agreed with me that your client wrongfully disbursed Heather Callahan's 401(k) funds to Maura McKinnon instead of her husband, Michael J. Callahan after Mrs. Callahan's death.

It is undisputed that Mr. Callahan survived his wife and therefor would be entitled to funds as a direct beneficiary of her 401(k) Account.

On February 28, 2028, on behalf of the Estate, I made a demand upon Visi-Flash to pay **$220,507.22 plus interest** to Robert Marshall, Personal Representative of the Estate of Michael J. Callahan.

Visi-Flash's willful failure to pay the funds to my client may be considered an unfair and deceptive act in violation of the Massachusetts Consumer Protection Act. As you know, my client may be entitled to up to three times the amount of $220,507.22 plus attorney fees and costs for your client's violation of the Act.

In the event that I do not receive a proposed payment plan for the funds within the next ten (10) days after receipt of this letter then I will be forced to send a formal demand letter pursuant to G.L. c. 93.

---

35 Braintree Hill Office Park, Suite 201, Braintree, MA 02184 (by appointment only)

Please give this matter your immediate attention in order to resolve this claim short of any further litigation.

Thank you for your attention.

Very truly yours,

Richard M. McLeod

RMM/ms

cc: Robert Marshall, Personal Representative

35 Braintree Hill Office Park, Suite 201, Braintree, MA 02184 (by appointment only)

# EXHIBIT "E"

**LECOMTE, EMANUELSON & DOYLE**

ATTORNEYS AT LAW

BATTERYMARCH PARK II

ONE PINE HILL DRIVE, SUITE 105

QUINCY, MASSACHUSETTS 02169

(617) 328-1900

FACSIMILE  (617) 328-2030

www.lecomtelaw.com

155 SOUTH MAIN STREET
PROVIDENCE, RHODE ISLAND 02903
(401) 454-3111

PLEASE RESPOND TO
QUINCY OFFICE

Matthew W. Perkins, Esq.
Admitted in MA and RI
mperkins@lecomtelaw.com

Extension 204

March 12, 2025

*VIA OVERNIGHT MAIL*

Renee Gleason
Client Service Manager
Retirement & Income Solutions
Principal Financial Group
711 High Street
IDPL – IDI Applications
Des Moines, IA 50392

> *Re:*    *Visi-Flash – Estate of Michael J. Callahan*
> *RE:  439823 Heather Callanan*
> *Our File No.:  (100143-18111)*

Dear Ms. Gleason:

This office represents Visi-Flash Rental's Inc. with respect to a claim submitted to Visi-Flash by the Estate of Michael J. Callahan for the incorrect distribution of the 401(k) held by Heather Callahan. A copy of the Estate's demand letter to Visi-Flash is attached hereto as **Exhibit 1.**

Kindly accept this letter as notice of a dispute as set forth on page 13 of the plan: \*Negotiation.   The nature of this dispute is that the Principal Financial Group ("Principal") wrongfully paid $220,507.22 to the secondary beneficiary, Maura McKinnon, when the payment should have been made to the Estate of Michael Callahan, the primary, vested beneficiary.  The relevant facts and documentation are as follows:

1. Visi-Flash Rental's Eastern, Inc. ("Visi-Flash") is the plan administrator for the Visi-Flash 401(k) Savings and Retirement Plan.

2. Heather Callahan, a Visi-Flash employee, participated in the Visi-Flash 401(k) Savings and Retirement Plan and named her husband, Michael Callahan, as primary beneficiary of her 401(k) account. See Death Notification Form, a copy of which is attached hereto as **Exhibit 2.**

3. Heather Callahan retired from Visi-Flash on December 30, 2022, due to health issues and passed away on May 9, 2023.

4. Michael Callahan, Heather's husband, survived her and subsequently passed away on November 27, 2023.

5. Upon Heather's death, Michael, as primary beneficiary, became the sole owner of the account.

6. On or about December 6, 2023, Dan Doyle ("Doyle"), the Plan Administrator, notified the Principal and spoke with Account Manager Dominick Pearson. Doyle advised Pearson that Michael survived Heather and took the position that Michael's estate should receive the balance of the funds. At this time, Pearson told Doyle that the funds should be distributed to the secondary beneficiary, Maura McKinnon. Doyle again reiterated that Michael died after Heather and questioned the proposed distribution to Maura McKinnon.

7. Doyle followed up with Dixon Associates, the employee benefits agent, explained the timeline set forth above, and was told to defer to the Principal on the decision to distribute the funds to Maura McKinnon.

8. Doyle exclusively relied on the Principal's incorrect advice as to the distribution of the funds to Maura McKinnon.

9. The Principal subsequently delivered $220,507.22 to Maura McKinnon via automated funds transfer.

10. On February 13, 2025, the Estate of Michael Callahan served a subpoena on Visi-Flash seeking records regarding the distribution of Heather's 401(k).

11. Visi-Flash, through counsel, timely responded to the subpoena, as set forth on Exhibit 3.

12. Thereafter, the Estate of Michael Callahan demanded that Visi-Flash pay the estate $220,507.22 plus interest on the grounds that Visi-Flash wrongfully distributed the fund to Maura McKinnon despite the fact that Michael, as primary beneficiary, had vested ownership rights in the account.

13. Consistent with Visi-Flash's position, Doyle contacted Renee Gleason after receiving the subpoena. After Doyle explained the situation, Gleason recognized that the Principal had made an error in the payment. Gleason further assured Doyle that Visi-Flash had done nothing wrong and the Principal would fix the situation.

14. Subsequently, on March 5, 2025, the Principal reversed course, and stated "Our business area should not take responsibility for this issue as it appears the plan sponsor (you) directed us to distribute in the manner we did, based on documentation your provided. (Death Notification form.)

15. Simply put, the Principal advised Doyle that they were making the distribution to Maura McKinnon. Doyle properly challenged this position, advised that Michael had survived Heather, and set forth his opinion that Michael was the proper beneficiary. Notwithstanding this information, the Principal proceeded to improperly liquidate and disburse the account to Maura McKinnon.

16. The Principal breached its duty of ordinary care in the processing and distribution of Heather Callahan's 401(k). The Principal improperly distributed the balance of the 401(k) to the secondary beneficiary, Maura McKinnon, when the Plan Administrator expressly advised the Principal that the primary beneficiary, Michael, survived Heather. Even a cursory review of Massachusetts law would have established that Michael's estate was the beneficiary of the account, not Maura McKinnon.

17. Furthermore, and separate from the claim set forth above, the Principal is obligated to indemnify Visi-Flash as set forth in the Principal Service Warranty Attachment, as the Principal failed to perform the distribution of Heather's 401(k) in agreed manner, i.e., in conformance with Massachusetts law and as requested by Doyle.

Accordingly, based on the foregoing, demand is hereby made that the Principal defend and indemnify, including reasonable attorney's fees, Visi-Flash for the claims set forth by the Estate of Michael Callahan for the Principal's breach of the Service and Expense Agreement.

Visi-Flash hereby demands that the Principal retain all notices, correspondence, electronic data of any type, audio recordings and documents of any other nature pertaining to the Visi-Flash plan and the administration and liquidation of Heather Callahan's 401(k).

Visi-Flash reserves the right to amend or supplement this demand, pending further investigation and/or receipt of the Principal's materials pertaining to the administration of this claim.

I look forward to engaging in the next step of this negotiation as set forth in the Service and Expense Agreement.

Very truly yours,

Matthew W. Perkins

MWP/km
/Enclosures

cc: Daniel Doyle, Visi-Flash

# EXHIBIT "F"



COPY

## McLeod Law Group, LLC
### ATTORNEYS AT LAW
### South Hingham Legal Building
### 100 Recreation Park Drive, Suite 204
### Hingham, Massachusetts  02043
#### WWW.MCLDLAW.COM

TELEPHONE (781) 848-1500                                   FACSIMILE (781) 848-2220

May 10, 2025

Deanna D. Strable,
President and Chief Executive Officer
Principal Financial Group and/or
Principal Life Insurance
711 High Street
Des Moines, IA 50392
Certified mail: 7006 2760 0004 1651 3844

Maura MacKinnon
105 Edgehill Road
Braintree, MA 02184
Certified mail: 7007 0710 0004 7662 1596

RE:   Claimant:       Estate of Michael Callahan ("Estate")
      Account:        Heather A. Callahan's 401(k) Account No. 439832 ("Account")
      Employer:       Visi-Flash Rentals Eastern, Inc. ("Visi-Flash")
      Plan Manager:   Principal Financial Group and/or Principal Life Insurance Company

## DEMAND FOR SETTLEMENT PURSUANT TO M.G.L. c. 93A §§2, 9

Please be informed that I represent Robert Marshall, Personal Representative of the Estate of
Michael J. Callaghan with respect to his claim against Principal Financial Group and/or Principal
Life Insurance Company ("Principal") for breach of contract and breach of implied covenant of
good faith and fair dealing concerning Principal's wrongful distribution of the funds from
Heather Callahan's 401(k) Retirement Account ("Account") and for processing a false claim by
Maura MacKinnon for the funds in the Account.

Please consider this letter a written demand for relief pursuant to M.G.L. c. 93A §§ 2 and 9. It is
uncontested that Robert Marshall, Personal Representative of the Estate of Michael J. Callaghan
is a "consumer" as defined by G.L. c. 93A.  Moreover, Principal is engaged in trade or commerce
in Massachusetts as defined by M.G.L. c. 93A.

35 Braintree Hill Office Park, Suite 201, Braintree, MA 02184 (by appointment only)

The Estate discovered that Principal wrongfully distributed the amount of $220,507.22 ("the Funds") from the Account to Maura MacKinnon after Heather Callahan's death on May 9, 2023.

It is uncontested that at the time of Heather A. Callahan's death that her husband, Michael J. Callahan was the sole surviving beneficiary of the Account.

According to documents provided to this firm by Visi-Flash's Attorney, Matthew Perkins in response to a subpoena for records from the Account, Heather Callahan designated her husband, Michael Callahan as the Primary Beneficiary and Maura McKinnon as a Contingent Beneficiary in the event that Michael Callahan did not survive his wife's death. See Beneficial Designation Records signed by Heather Callahan prior to her death.

Principal had no authority or grounds to distribute the Funds from the Account to the Contingent Beneficiary, Maura McKinnon if the Primary Beneficiary, Michael Callahan survived his wife. Principal and/or its agent, Visi-Flash wrongfully authorized the distribution of the Funds to Maura McKinnon. Even though Michael Callahan passed away after the death of his wife, his estate had a vested interest in the Funds from the Account. Maura McKinnon would only be entitled to the Funds if Michael Callahan predeceased his wife, Heather Callahan.

In a response to the Estate's demand upon Visi-Flash for the Funds in the Account, Attorney Perkins represented in a letter dated April 17, 2025 that, "Principal wrongfully distributed the funds from the Account and that Visi-Flash had filed a claim with Principal asserting that Principal was responsible for the payment." Attorney Perkins also represented that, "Visi-Flash has initiated the claim process and has submitted a claim to Principal and has demanded that Principal pay the estate the amount due."

Principal's failure and refusal to pay the Funds after a claim was submitted by Visi-Flash and by the Estate is a breach of the third-party beneficiary contract. It is also a breach of the implied covenant of good faith and fair dealing which is an implied duty in every contract that parties act honestly and reasonably in fulfilling their contractual obligations.

Moreover, Principal's failure to settle this claim when liability is clear is an unfair and deceptive act or practice as defined by M.G.L. c. 93A.

In light of Principal's conduct, on behalf of the Estate I hereby make demand upon Principal and/or Maura MacKinnon to pay **$220,507.22 plus interest** to Robert Marshall, Personal Representative of the Estate of Michael J. Callahan to settle this matter short of any further litigation.

Pursuant to M.G.L. c. 93A you are required to respond to this demand letter within thirty (30) days of your receipt of this letter. Failure to respond and to make a reasonable offer of settlement within thirty (30) days of receipt may subject Principal and/or its agent to double or treble damages as well as the imposition of costs, expenses and attorney's' fees.

35 Braintree Hill Office Park, Suite 201, Braintree, MA 02184 (by appointment only)

Please give this matter your prompt attention and respond within the statutory time limit.

I welcome a discussion to resolve this matter short of any further litigation.

Very truly yours,

Richard M. McLeod

RMM/ms

cc: Robert Marshall, Personal Representative
    Matthew W. Perkins, Esq.

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DEANNA D. STRABLE
PRESIDENT + CEO
PRINCIPAL FINANCIAL GROUP
711 HIGH STREET
DES MOINES, IA 50392

9590 9402 7982 2305 3318 29

2. Article Number *(Transfer from service label)*

7006 2760 0004 1651 3844

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

MAY 15 2025

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053

Domestic Return Receipt

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>2682WO0275 | Massachusetts Trial Court<br>Superior Court |
|---|---|---|
| | | **COUNTY** Norfolk Superior Court (Dedham) |

| | |
|---|---|
| **Plaintiff** Robert Marshall, Personal Representative for Estate of Micheal Callahan | **Defendant:** VISI-FLASH RENTALS EASTERN, INC. |
| ADDRESS: Norfolk County Probate Court Docket No. NO24P060EA | ADDRESS: 31 Pleasant Street, West Bridgewater, MA 02379 |
| | |
| **Plaintiff Attorney:** Richard M. McLeod, Esq., McLeod Law Group, LLC | **Defendant:** Principal Financial Group, Inc. |
| ADDRESS: 100 Recreation Park Drive, Suite 204 | ADDRESS: 711 High Street, Des Moines, IA 50392 |
| Hingham, MA 02043 | Resident Agent: CT Corporation Systems |
| | 155 Federal Street #700, Boston, MA 02110 |
| BBO: 555143 | |
| **Plaintiff Attorney:** | **Defendant Attorney:** |
| ADDRESS: | ADDRESS: |
| | |
| | |
| BBO: | BBO: |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section on next page)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A99 | Other Contract/Business Transaction | F | ☒ YES ☐ NO |

**\*If "Other" please describe:** Breach of a Third Party Beneficiary Retirement Account Contract and Negligence

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☒ YES ☐ NO | ☐ YES ☒ NO |

### STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. (Note to plaintiff: for this form, do not state double or treble damages; indicate single damages only.)

### TORT CLAIMS

A. Documented medical expenses to date
    1. Total hospital expenses _____
    2. Total doctor expenses _____
    3. Total chiropractic expenses _____
    4. Total physical therapy expenses _____
    5. Total other expenses (describe below) _____

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date _____
C. Documented property damages to date _____
D. Reasonably anticipated future medical and hospital expenses _____
E. Reasonably anticipated lost wages _____
F. Other documented items of damages (describe below) _____

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of the injury:

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Defendants failed and refused to pay decedent's retirement account benefits to the primary beneficiary | $220,507.22 |
| | Total | $220,507.22 |

SC0001: 02/24

Signature of Attorney/Self-Represented Plaintiff: X _____ | Date: March 9, 2026

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

_____

### CERTIFICATION UNDER S.J.C. RULE 1:18(5)

I hereby certify that I have complied with requirements of Rule 5 of Supreme Judicial Court Rule 1:18: Uniform Rules on Dispute Resolution, requiring that I inform my clients about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney: X _____ | Date: March 9, 2026

SC0001: 02/24                     www.mass.gov/courts                     Date/Time Printed:03-07-2026 14:46:07

# CIVIL ACTION COVER SHEET INSTRUCTIONS —
## SELECT A CATEGORY THAT BEST DESCRIBES YOUR CASE*

### AC Actions Involving the State/Municipality†*

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* See Superior Court Standing Order 1-88 for an explanation of the tracking deadlines for each track designation: F, A, and X. On this page, the track designation for each case type is noted in parentheses.

†* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

‡ Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party ‡

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

## TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES REQUIRED BY G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** — On the face of the Civil Action Cover Sheet (or on attached additional sheets, if necessary), the plaintiff shall state the facts on which the plaintiff relies to determine money damages. A copy of the completed Civil Action Cover Sheet, including the statement concerning damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT** — If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with the defendant's answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
### IF THIS COVER SHEET IS NOT FILLED OUT THOROUGHLY AND
### ACCURATELY, THE CASE MAY BE DISMISSED.

3

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
DOCKET NO. 2682CV00275

ROBERT MARSHALL, PERSONAL
REPRESENTATIVE OF THE ESTATE
OF MICHAEL J. CALLAHAN,
                              Plaintiff

v.

VISI-FLASH RENTALS EASTERN, INC.
and PRINCIPAL FINANCIAL GROUP,
                              Defendants

3/6/2026
Motion is allowed as to all
prejudgment Service of Process in
the Commonwealth of Massachusetts.

(Connolly, J)
att:
Lindsay Gibbons
Ass't Clerk

## MOTION TO APPOINT SPECIAL PROCESS SERVER

Now comes the Plaintiff, Robert Marshall, Personal Representative of the Estate of

Michael J. Callahan and move that this Honorable Court appoint Adam Loomis and/or Allstate

Constables, Inc., a disinterested and qualified person knowledgeable in the service of process and

a not a party in this action, to serve process in this case under the provisions of the Massachusetts

Rules of Civil Procedure in order to assure a substantial savings in time and money.

A proposed order is attached hereto.

Robert Marshall, P. Rep.
PLAINTIFF,
By his attorneys,

Dated: March 9, 2026

Richard M. McLeod
BBO #555134
MCLEOD LAW GROUP, LLC
100 Recreation Park Drive, Suite 204
Hingham, MA 02043
(781) 848-1500
rmcleod@mcldlaw.com

2